No. 84,677

In the Matter of BOYD W. HOWARD, II, *Respondent.*

(2 P.3d 766)

Opinion filed June 2, 2000.

*Edwin A. Van Petten,* deputy disciplinary administrator, argued the cause, and *Stanton A. Hazlett,* disciplinary administrator, was with him on the formal complaint for the petitioner.

*John W. Lehecka,* of Wichita, argued the cause, and *Boyd W. Howard, II,* respondent, argued the cause pro se.

*Per Curiam:* This is an original uncontested proceeding in discipline filed by the office of the Disciplinary Administrator against respondent Boyd W. Howard, II, an attorney admitted to the practice of law in the state of Kansas.

The complaint against Howard charged him with violations of the Kansas Rules of Professional Conduct (KRPC) 1.1 (1999 Kan. Ct. R. Annot. 284) (competence), KRPC 1.3 (1999 Kan. Ct. R. Annot. 294) (diligence), KRPC 3.3(a) (1999 Kan. Ct. R. Annot. 365) (candor toward the tribunal), KRPC 8.1(a) (1999 Kan. Ct. R. Annot. 395) (making a false statement regarding a disciplinary matter), and KRPC 8.4(c) (1999 Kan. Ct. R. Annot. 399) (misconduct), arising out of respondent's handling of probate matters in the estate of Emil Wirth.

The parties announced at the hearing before a panel of the Kansas Board for Discipline of Attorneys that they had reached an agreed stipulation, which was incorporated into the Final Hearing Report as follows:

"1. Boyd W. Howard, II, is an attorney at law, Kansas Attorney Registration No. 11426. His last registration address with the Clerk of the Appellate Courts of Kansas is . . . Wichita, Kansas . . . .

"2. Respondent was hired by the heirs of Emil Wirth through the Office of Dan Skubitz, for the purpose of probating the estate of Emil Wirth in Sedgwick County, Kansas. All documents necessary to commence a probate proceeding were in the possession of the Respondent by mid-May, 1990.

"3. Because of real estate owned by the decedent in the state of Oklahoma, an ancillary proceeding was necessary in that state. Complainant and Respondent agreed to hire an attorney by the name of David Trojan in Enid, Oklahoma, who was a relative of the complainant. Upon contact by Respondent with Mr. Trojan, Mr. Trojan advised Respondent of all documents necessary to be provided to him in order to proceed with an ancillary proceeding in the state of Oklahoma. This information was communicated to Respondent by letter dated July 23, 1990. The final item listed as necessary to commence the ancillary proceeding was an Order of Distribution from the Kansas courts.

"4. On July 26, 1990, complainant executed the Petition for Probate of Will to commence the probate in Sedgwick County, Kansas. This petition was not filed until October 18, 1990, which was three (3) months after complainant's signature was notarized, and one (1) day prior to the expiration of the statute of limitations to probate the will. On November 21, 1990, the will was admitted to probate.

"5. On December 27, 1990, Judge Hal Malone contacted the complainant pointing out her duty to file an inventory within thirty (30) days of her appointment as fiduciary of the estate. The inventory information had all been provided to Respondent by mid-May, 1990, however, no inventory had ever been prepared. The inventory was then filed on February 21, 1991, with the District Court of Sedgwick County, Kansas. During the pendency of the probate proceedings there were numerous conversations between Mr. Trojan and the complainant, as well as Mr. Trojan and Respondent regarding the commencement and conclusion of the ancillary proceeding. On at least six (6) occasions Mr. Trojan communicated to Respondent what information was necessary to commence the ancillary proceeding. This information was never provided by Respondent.

"6. On May 11, 1993, upon inquiry from Judge Hal Malone, Respondent told Judge Malone that he had provided all information necessary to the Oklahoma lawyer to commence the ancillary proceeding. This statement was false, as there had, at that time, been no petition for final settlement filed, and no Order of Distribution. In fact, on May 11, 1993, no information had been provided to Mr. Trojan. Respondent informed the investigator that he could not admit or deny having made the statement to Judge Hal Malone. He did receive a copy of correspondence sent by Judge Malone to complainant making that statement, and has never claimed it to be incorrect.

"7. On May 13, 1993, Respondent sent certain documentation to Mr. Trojan. Those documents did not include an authenticated copy of the Last Will and Testament, or an Order of Distribution, which items had been mentioned in at least six (6) pieces of correspondence. On that date, Respondent also stated that he was unsure which documents he had previously provided to Mr. Trojan. This is at a variance to the statements made on May 11, 1993, to Judge Malone.

"8. On May 24, 1993, Respondent sent complainant a proposed final order requesting assistance from her to determine if it needed some editing. He stated in that correspondence that he had arrived at the provision regarding his attorney fees by calculating the amount to repay himself the publication costs that he paid

at the beginning of the case and the amount necessary for him to pay Mr. Wilkinson for his time. Mr. Wilkinson had assisted in the preparation of tax returns for the estate. The amount Respondent used in the final order as shown in the probate file for his fees was $250.00. Mr. Wilkinson confirmed during an interview that he had made no charge for whatever he did in this matter. Respondent later admitted that he did not pay Mr. Wilkinson for his time and advice. On June 25, 1993, a Journal Entry of Final Settlement was filed by the Respondent in the estate of Emil Wirth. Also filed on that date were separate copies of waivers of notice executed by Henrietta Wirth, the complainant, and her son, Sidney A. Wirth. The Petition for Final Settlement was subsequently filed on July 1, 1993. The Petition for Final Settlement should be filed and set for hearing prior to the filing of a Journal Entry for Settlement in this estate.

"9. On November 11, 1995, subsequent to yet another conversation between complainant and Mr. Trojan, the complainant wrote a letter to Respondent setting out that Mr. Trojan still needed the Order of Distribution from the estate. Nothing further was done by Respondent in that regard.

"10. Based on the above facts the Respondent is in violation of Kansas Rules of Professional Conduct 1.1, by not providing competent representation to the complainant in this matter; in violation of KRPC 1.3 for not acting with reasonable diligence and promptness in the estate proceeding; and in violation of KRPC 3.3(a) for knowingly making a false statement of a material fact to a tribunal, to-wit: Judge Hal Malone, on May 11, 1993, when he informed Judge Malone that all proper documentation had been provided to Mr. Trojan in Oklahoma, when in fact the documentation requested had not even been generated.

"11. The parties jointly recommended that the imposition of sanctions in this matter be suspended for a period of two (2) years from the date of the decision rendered herein by the Kansas Supreme Court, and that the Respondent be placed on probation under the supervision of John W. Lehecka, a Kansas attorney.

"12. The Respondent shall submit to the Office of the Disciplinary Administrator a file audit within 45 days of the panel hearing, showing the total number of cases, the types of cases and the status of each case. The supervising attorney shall meet at least bi-weekly with the Respondent for the first six months, then as deemed necessary, with a report to the Office of the Disciplinary Administrator at least quarterly. In addition, the Respondent shall obtain errors and omissions insurance within 30 days of the panel hearing, herein."

The panel adopted the stipulation with the following two modifications regarding the recommended discipline:

"1. The imposition of sanctions in this matter shall be suspended for a period of one (1) year from the date of the decision rendered herein by the Kansas Supreme Court, and that the Respondent should be placed on probation under the supervision of John Lehecka, a Kansas attorney.

"2. The Respondent, under the direct supervision of Mr. Lehecka, should obtain certified or authenticated copies as may be required of all of the documents necessary to file, conduct, and complete the ancillary administration of the estate of Emil Wirth in the state of Oklahoma and mail the same to David Trojan, the Enid, Oklahoma lawyer, who was to handle the ancillary administration of Mr. Wirth's estate in the state of Oklahoma.

"The Respondent, again under the direct supervision of Mr. Lehecka, should send a letter to the complainant, Henrietta Wirth, advising her that all of the necessary documents to complete the ancillary administration in the state of Oklahoma have been forwarded to Oklahoma counsel and further advising Mrs. Wirth that it is Mrs. Wirth's responsibility, and not the responsibility of the Respondent, to ascertain that the necessary proceedings are undertaken and completed by Oklahoma counsel to complete the ancillary administration of Mr. Wirth's estate in Oklahoma. The letter should also advise Mrs. Wirth that the Respondent's representation of Mrs. Wirth and the estate of Emil Wirth, deceased, has now concluded and that Mrs. Wirth will be responsible for retaining and instructing Oklahoma counsel as to how to proceed with completing the ancillary administration of her deceased husband's estate in Oklahoma."

Respondent did not file exceptions to the stipulated facts or the conclusions and recommendations of the final hearing report, which are deemed admitted pursuant to Rule 212(c) and (d) (1999 Kan. Ct. R. Annot. 238).

We have reviewed the record and conclude there is clear and convincing evidence to support the stipulated findings of fact and violations, which are therefore adopted by the court.

IT IS THEREFORE ORDERED that imposition of discipline be suspended and Boyd W. Howard, II, placed on supervised probation for a period of 2 years from the date of this order. In doing so, we chose to follow the stipulation of the parties rather than the recommendation of the hearing panel.

IT IS FURTHER ORDERED:

(1) During the probation period, respondent's practice of law is to be supervised by attorney John Lehecka, who will report to the Disciplinary Administrator on a quarterly basis concerning respondent's management of cases and legal matters entrusted to him. Any material deviation from proper practice or a known violation of the conditions of probation shall be immediately reported to the Disciplinary Administrator.

(2) Mr. Lehecka shall be afforded all immunities granted by Supreme Court Rule 223 (1999 Kan. Ct. R. Annot. 269) during the course of his activities as directed by this order. Respondent will allow Mr. Lehecka access to his files, his employees, his trust account, and any other information necessary to accomplish his responsibilities.

(3) Respondent shall obtain and continue in effect errors and omissions insurance coverage and provide notification to his supervising attorney and the Disciplinary Administrator in the event of any change or cancellation of the policy.

(4) Respondent has reported through counsel that he has previously complied with the hearing panel's order concerning providing all documentation necessary for the completion of the ancillary administration of the estate of Emil Wirth as the hearing panel ordered. If any further action on this matter is required, respondent shall do so immediately.

(5) Respondent shall not violate any of the Kansas Rules of Professional Conduct during the term of his probation and thereafter. He shall immediately respond to inquiries from the office of the Disciplinary Administrator and his supervising attorney.

IT IS FURTHER ORDERED that, in the event respondent fails to abide by the conditions set out herein, a show cause order shall issue to respondent, and this court shall take whatever disciplinary actions it deems just and proper, including disbarment, without further formal proceedings.

IT IS FURTHER ORDERED that this order be published in the official Kansas Reports and that the costs of the proceeding be assessed to respondent.